## U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

WILLIAM VOGT and ELIZABETH VOGT

  Plaintiffs,

vs.

LONG DISTANCE CONSOLIDATED
BILLING, CO. a Michigan Corporation,
JAN M. LOWE, and PATRICK JOYCE,
jointly and severally

  Defendants.

_____ /

PATRICK J. DUGGAN

Case No.: 00 - 73288

MAGISTRATE JUDGE GOLDMAN

JOHN M. SIER (P39336)
HEATHER A. BETTS (P50928)
Attorneys for Plaintiffs
One Woodward Avenue, Tenth Floor
Detroit, Michigan 48226-3499
(313) 965-7315

_____ /

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, WILLIAM AND ELIZABETH VOGT, by and through their

attorneys, KITCH DRUTCHAS WAGNER DENARDIS & VALITTUTI, and for their

Complaint against the above-named Defendants states as follows:

### THE PARTIES

1.  Plaintiffs, William and Elizabeth Vogt, are residents of the State of

California and are "accredited investors" as defined in Rule 501, Regulation D under the

Securities Act of 1933 (the "1933 Act").  15 U.S.C. § 77, *et seq.*

2.  Defendant Long Distance Consolidated Billing Co. ("LDCB") is a Michigan

corporation with its principal place of business located in Oakland County, Michigan.

3.  Defendant Jan M. Lowe is a resident of the State of Michigan, President of

Defendant LDCB and, upon information and belief, a shareholder of Defendant LDCB.

4.      Upon information and belief, Defendant Patrick Joyce is a resident of the State of Michigan and is a former officer and/or current or former shareholder of Defendant LDCB.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 due to the fact that this a civil action with complete diversity of citizenship between Plaintiffs and Defendants who have their principal places of business and/or reside in the State of Michigan.

6.      This Court also has jurisdiction under 28 U.S.C. § 1331 by reason of federal question jurisdiction since this action arises, primarily, under the Securities Exchange Act of 1934, as amended, 15 U.S.C.§ 78, *et. seq.* ("the 1934 Act").

7.      Venue is proper according to 28 U.S.C. § 1391 (a)(2), (3) and (c), as the Defendants reside in this judicial district and all of the events or omissions giving rise to this cause of action occurred within the State of Michigan in this district.

8.      The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney's fees, and this matter is otherwise within this Court's jurisdiction.

## UNDERLYING FACTS

9.      In 1990, Defendant Joyce formed a Michigan corporation, Premier Marketing Corporation that was operated by both Defendants Joyce and Lowe. (Exhibit A).

10.     Upon information and belief, Defendants Joyce and Lowe were the sole shareholders of Premier Marketing Corporation.

11.     In 1995, the Articles of Incorporation for Premier Marketing Corporation

ROTCH DEUTCHAS
WAGNER DeNARDIS
& VALPUTE
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 1400
DETROIT, MICHIGAN
48226-3499
(313) 963-7900

were amended to change the name to PMC Enterprise, Inc.  (Exhibit B).

12.    Upon information and belief, Defendants Joyce and Lowe continued to operate PMC Enterprises Inc. until July 15, 1998.

13.    In December 1995, Defendant Lowe incorporated Defendant LDCB in the State of Michigan.  (Exhibit C).

14.    Upon information and belief, Defendants Joyce and Lowe were the sole shareholders of Defendant LDCB.

15.    Defendant Lowe held herself out to Plaintiffs as both the "bookkeeper" and as an agent of Defendant LDCB, but never represented herself as an officer, director, or shareholder of Defendant LDCB.

## THE RELATIONSHIP AND BUSINESS OF THE PARTIES

16.    On or about January 9, 1996, Defendant Joyce solicited Plaintiffs via facsimile to them in California with an "investment opportunity" to market long distance telephone service to small businesses.  (Exhibit D).

17.    According to the proposed terms of the solicitation, Plaintiffs were to invest money with Defendants in exchange for an equity interest in Defendants' venture. (Exhibit D).

18.    Following recovery of Plaintiffs' initial investment and specified rate of return, the profits of the venture would be distributed evenly between the parties. (Exhibit D).

19.    The solicitation also provided that the customer database for the telephone services would be owned jointly by the parties.  (Exhibit D).

20.    On or about January 16, 1996, Defendant Joyce sent a letter to Plaintiffs outlining his proposal, which provided that:

SOTCH DEUTCHAS
WAGNER DiPiAnGIS
& VAI FlUTPI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-3489
(313) 963-7900

a.   PMC Enterprises, Defendant Joyce's company, had formed a new company, Long Distance Consolidated Billing Company ("LDCB"), to market Allnet Long Distance service;

b.   Plaintiffs would invest in the new business entity up to $25,000.00 per week for 12 to 16 weeks, a total of $400,000.00;

c.   Defendant LDCB would act as the agent for the new business entity to market the long distance service to small businesses;

d.   After Plaintiffs recovered their initial investment, Plaintiffs' new entity and Defendant LDCB would share in the profits of the venture and have joint ownership in the telephone service customer base. (Exhibit E).

21.   On or about January 30, 1996, Defendant Joyce sent Plaintiffs a Letter of Intent which provided that Plaintiffs would acquire an interest in Defendant LDCB through a joint venture, provided that Plaintiffs invest $400,000.00 to the new business entity.  (Exhibit F).

22.   In an effort to distinguish the operational functions of the venture, the parties agreed to form a limited liability company, Long Distance Consolidated, LLC, ("LDC").

23.   LDC was intended by the parties to be separate from Defendant Joyce's marketing company Premier Marketing Corporation or PMC Marketing, Inc. but Defendant Joyce would serve as the manager of LDC.

24.   LDC was organized as the "new business entity" which would receive and disperse the funds invested by Plaintiffs for the venture's initial start-up and operational costs.

25.   The joint venture called for Defendant LDCB to act as the agent to LDC for

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

the purposes of marketing the long distance service to small businesses.

26.     On or about February 29, 1996, the parties executed the Operating Agreement for LDC, which established the rights, duties and obligations of the parties and further provided that Plaintiffs' investment was to be used exclusively by LDC. (Exhibit G).

27.     The parties executed an Agreement to Fund, which addressed Plaintiffs' $400,000.00 investment in LDC for start-up capital and operating expenses to be paid over the 12 to 16 week period and then repaid to Plaintiffs by LDC over a two year period. (Exhibit H).

28.     According to the Agreement to Fund, Plaintiffs' investment was to be used solely for the operating expenses of LDC.  (Exhibit H, paragraph 4).

29.     On behalf of LDC, Defendant Joyce executed a Promissory Note, which incorporated the terms of the Agreement to Fund, including the restriction that Plaintiffs' investment was to be used solely for LDC.  (Exhibit I).

30.     Defendant Joyce also executed a Pledge Agreement, which gave Plaintiffs a security interest in the membership interest Defendant Joyce owned in LDC.  (Exhibit J).

31.     The Agreement to Fund, Pledge Agreement and Promissory Note are hereinafter referred to together as the "Investment Documents."

32.     Although the parties executed the documents previously, LDC was organized with the State of Nevada on or about April 24, 1996.  (Exhibit K).

33.     According to the Investment Documents and Plaintiffs' understanding of the transaction, LDC was the long distance service provider and Defendant LDCB was the agent to LDC and would provide all of the marketing for the long distance service.

KITCH DRUTCHAS
WAGNER DENARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT MI 48226
(313) 965-7900

34.    From February 1996 through February 1997, Plaintiffs continued to make their investment payments to cover LDC's start-up costs and operating expenses, as they were required to do by the Investment Documents.

35.    Following the system arranged by Defendants, Plaintiffs transferred their payments to Defendant Lowe, LDC's bookkeeper and received confirmation that they met their obligation.

36.    On or about July 1996, Plaintiffs learned that Defendant LDCB was experiencing various financial problems.

37.    As members in LDC and joint venture's with LDCB, Plaintiffs grew concerned and retained a consultant to review all of Defendant LDCB's business records and contractual obligations.  (Exhibit L).

38.    Plaintiffs' consultant discovered questionable business expenditures, accounting practices and marketing efforts by Defendant LDCB.

39.    As a result of these financial irregularities and in an effort to generate revenue for the venture, the parties discussed the possible spin-off of Defendant LDCB, or the sale of certain assets owned by Defendant LDCB.  (Exhibit M).

40.    By the end of September 1996, the parties agreed that until Defendant LDCB could be sold, Plaintiffs would oversee financial responsibility for Defendant LDCB, except that Defendant Joyce would continue to perform the marketing operations of Defendant LDCB as an independent contractor.  (Exhibit N).

41.    In late November or early December 1996, Plaintiffs assumed the managerial duties of Defendant LDCB and eliminated all of Defendant Joyce's authority and control over the finances and weekly commissions generated by Defendant LDCB.  (Exhibit O).



42.     On or about December 2, 1996, Defendant Joyce was terminated as the manager for LDC because he defaulted on the Promissory Note and diverted the investment made by Plaintiffs to LDC.  (Exhibit P).

43.     On or about December 4, 1996, Defendant Joyce was formerly ousted as a member of LDC.  (Exhibit Q).

44.     On or about July 23, 1997, Plaintiffs learned of the true relationship between all of the parties to the venture.

45.     LDC was never part of a joint venture with Defendant LDCB.

46.     The investments Plaintiffs made and directed to LDC were, in fact, diverted from LDC and not used for the intended purpose.  (Exhibit R).

47.     Upon discovering these problems, Plaintiffs demanded repayment of their entire investment.

48.     Defendants claimed they were not holding any funds or assets for LDC.

49.     Defendants have failed to repay Plaintiffs the total amount of their investment and also refuse to provide Plaintiffs with joint ownership of Defendant LDCB's customer base.

50.     Plaintiffs have suffered enormous damages resulting from Defendants' scheme and conversion of Plaintiffs' $400,000.00 investment.

51.     Plaintiffs have suffered further damages in their effort to recoup the lost investment as a result of Defendants' failure to provide Plaintiffs with any ownership interest in the telephone service customer base.

## COUNT I– VIOLATIONS OF SECTION 10(b) OF
## THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10(b)

52.     Plaintiffs incorporate each and every allegation contained in paragraphs 1

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2500
DETROIT, MI 48226
313-965-7900

(313) 965-7900

through 51 of the Complaint as if fully restated herein.

53.    17 C.F.R. § 240, 10b-5, as promulgated under Section 10(b) of the 1934 Act provides as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any National Securities Exchanges,

(1) To employ any device, scheme or artifice to defraud,

(2) To make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made in light of the circumstances under which they were made, not misleading, or

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

54.    Defendants' initial investment opportunity letter dated January 1, 1996, and Letter of Intent were unsolicited offers to purchase unregistered, non-exempt securities under section 5 of the Securities Act of 1933 (the "1933 Act").  (Exhibits E and F).

55.    The purported ownership interest in LDC and the joint venture between Plaintiffs, LDC and Defendant LDCB are securities under the 1933 Act.

56.    The Investment Documents were prepared and used by Defendants as part of a scheme, artifice and/or device to defraud Plaintiffs into purchasing an interest in LDC and Defendant LDCB.  (Exhibits G, H, I and J).

57.    Defendants transmitted the Investment through the mails, wires and other forms of interstate commerce to Plaintiffs' home

58.    Defendants' statements inducing Plaintiffs to invest in LDC was a device, scheme or artifice to defraud and was done so via the mails, wires and other forms of interstate commerce.

59.     Defendants lured Plaintiffs into making their investment be the misleading and intentionally false statements regarding (a) the joint venture and (b) the telephone service customer base.

60.     Defendants knew that their misrepresentations and omissions of material fact were such that Plaintiffs would rely to their detriment on such statements and omissions.

61.     Defendants' false misrepresentations of material fact and omissions were made with scienter.

62.     Plaintiffs were promised that, if they invested and funded the venture with $400,000.00, Plaintiffs would recoup their investment from Defendant LDCB's revenues and would own half of the customer base of Defendant LDCB.  (Exhibits E and F).

63.     Plaintiffs were misled to believe by the actions and statements of Defendants Lowe and Joyce that Defendant Lowe was merely a "bookkeeper" for LDC and Defendant LDCB.

64.     Defendants knew, from the moment they faxed their first solicitation, that Plaintiffs' investment would never be used for the intended purpose, much less, to finance any aspect of the venture.

65.     Defendants knew from the onset of their relationship with Plaintiffs that they would never allow Plaintiffs to acquire any interest in the telephone service customer base.

66.     Defendants failed to disclose material facts, including the relationship of Defendant LDCB to LDC and the benefits, rights and interests Plaintiffs would receive for their initial investment.

67.     Defendants knowingly failed to disclose the true ownership interests in

KITCH DRUTCHAS
WAGNER DENARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

Defendant LDCB and the relationship between Defendant LDCB and LDC and concocted a scheme to induce Plaintiffs to invest in a business opportunity which, unbeknownst to Plaintiffs, would have neither any assets nor any interest in the telephone service customer base.

68.     Plaintiffs were induced into purchasing unregistered, non-exempt securities in reliance upon Defendants' fraudulent misrepresentations of material fact and omissions of material fact, which, if made, would not have been false or misleading.

69.     Defendants omitted material facts that would have been material, essential and important to a reasonable person to rely upon in making an investment decision.

70.     Defendants failed to deliver Plaintiffs with any form of disclosure documents, including a private placement memorandum, or other form of offering circular.

71.     In fact, Plaintiffs relied on all of the misrepresentations and omissions made by Defendant when they made the decision to invest in the venture.

72.     If Plaintiffs had known the truth of the material matters Defendants misrepresented and/or failed to disclose, Plaintiffs would not have invested $400,000.00 in the venture.

73.     Defendants' misrepresentations of material fact and omissions of material fact were both the proximate cause of Plaintiffs entering into the transaction and the proximate cause of the failure of the transaction which led to the losses sustained by Plaintiffs.

74.     Plaintiffs have suffered damages as a result of Defendants' fraudulent misrepresentations and omissions of material fact in violation of the 1934 Act and Rule

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT MICHIGAN
48226-5485
(313) 965-7900

10b-5.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT II – AIDING AND ABETTING VIOLATIONS OF SECTION 10(b) and RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934 BY DEFENDANT LOWE

75.    Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 74 of the Complaint as if fully restated herein.

76.    Defendant Joyce violated the 1934 Act by employing a device or scheme to defraud Plaintiffs in connection with the sale of a security which Defendants transmitted through the mails, wires and other forms of interstate commerce.

77.    Upon information and belief, Defendant Lowe had knowledge of the deceptive scheme implemented by Defendant Joyce to divert the operating expenses to be used by LDC.

78.    Defendant Lowe had knowledge of Defendant Joyce's scheme to create a fraudulent and false joint venture with LDC and Defendant LDCB whereby Defendant Joyce would divert Plaintiffs' investment to fuel the business of Defendant LDCB.

79.    Defendant Lowe accepted the proceeds of Plaintiffs' investment, applied these proceeds to Defendant LDCB's operating expenses and had knowledge of the whole scheme to induce Plaintiffs to invest in a business without (a) any assets or (b) any interest in the customer base of Defendant LDCB.

80.    Defendant Lowe, as an employee, agent, promoter, officer, director and/or shareholder of Defendant LDCB substantially aided, abetted and assisted Defendant

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT MICHIGAN
48226-3499
(313) 965-7900

Joyce in the scheme to defraud Plaintiffs.

81.    Plaintiffs have suffered damages as a result of Defendant Lowe's aiding and abetting Defendant Joyce.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT III- VIOLATION OF THE MICHIGAN UNIFORM SECURITIES ACT, MCL 451.501

82.    Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 81 of the Complaint as if fully restated herein.

83.    MCL 451.501 provides that:

It is unlawful for any person, in connection with the offer, sale or purchase of any security or commodity contract, directly or indirectly:

(1) To employ any device, scheme, or artifice to defraud.

(2) To make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

(3) To engage in any act, practice , or course of business which operates or would operate as a fraud or deceit upon any person.

84.    Defendants' initial investment opportunity letter dated January 1, 1996, and Letter of Intent were unsolicited offers to purchase unregistered, non-exempt securities under the Michigan Uniform Securities Act.  MCL 451.501, *et seq.* (Exhibit E and F).

85.    The purported interest in LDC and the joint venture between Plaintiffs, LDC and Defendant LDCB are securities under the Michigan Uniform Securities Act.

MCL 451.501, *et seq.*

86.     The Investment Documents were prepared and used by Defendants as part of a scheme, artifice and/or device to defraud Plaintiffs into purchasing an interest in LDC and Defendant LDCB.  (Exhibits G, H, I and J).

87.     Defendants transmitted the Investment Documents through the mails, wires and other forms of interstate commerce to Plaintiff's home.

88.     Defendants' statements inducing Plaintiffs to invest in LDC was a device, scheme or artifice to defraud and was done so via the mails and other forms of interstate commerce.

89.     Defendants lured Plaintiffs into making the investment by the misleading and intentionally false statements regarding (a) the joint venture and (b) the telephone service customer base.

90.     Defendants knew that their misrepresentations and omissions of material fact were such that Plaintiffs would rely to their detriment on such statements and omissions.

91.     Defendants' false misrepresentations of material fact and omissions were made with scienter.

92.     Plaintiffs were promised that, if they invested and funded the venture with $400,000.00, Plaintiffs would recoup their investment from Defendant LDCB's revenues and would own half of the customer base of Defendant LDCB.  (Exhibits E and F).

93.     Plaintiffs were misled to believe by the actions and statements of Defendants Lowe and Joyce that Defendant Lowe was merely a "bookkeeper" of LDC and Defendant LDCB.

94.     Defendants knew, from the moment they faxed their first solicitation, that

Plaintiffs' investment would never be used for the intended purpose, much less to finance any aspect of the venture.

95.     Defendants knew from the onset of their relationship with Plaintiffs that they would never allow Plaintiffs to acquire any interest in the telephone service customer base.

96.     Defendants failed to disclose material facts, including, the relationship between Defendant LDCB and LDC and the benefits, rights and interests Plaintiffs would receive for their initial investment.

97.     Defendants knowingly failed to disclose the true ownership interests in Defendant LDCB and the relationship between Defendant LDCB and LDC and concocted a scheme to induce Plaintiffs to invest in a business opportunity which, unbeknownst to Plaintiffs, would have neither any assets nor any interest in the telephone service customer base.

98.     Plaintiffs were induced into purchasing unregistered, non-exempt securities in reliance upon Defendants' fraudulent misrepresentations of material fact and omissions of material fact, which, if made, would not have been false or misleading.

99.     Defendants omitted material facts that would have been material, essential and important to a reasonable person to rely upon in making an investment decision.

100.    Defendants failed to deliver to Plaintiffs any form of disclosure document, including a private placement memorandum or other form of offering circular.

101.    In fact, Plaintiffs relied on all of the misrepresentations and omissions by Defendants when they made the decision to invest in the venture.

102.    If Plaintiffs had known the truth of the material matters Defendants

KIRCH DEUTCHAS
WAGNER DEPANDOS
& VANTUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
TENTH FLOOR
DETROIT, MICHIGAN
48266
(313) 965-7900

misrepresented and/or failed to disclose, Plaintiffs would not have invested $400,000.00 in the venture.

103.   Defendants' misrepresentations of material fact and omissions of material fact were both the proximate cause of Plaintiffs entering into the transaction and the proximate cause of the failure of the transaction which led to the losses sustained by Plaintiffs.

104.   Plaintiffs have suffered damages as a result of Defendants' fraudulent misrepresentations of and omissions of material fact in violation of the Michigan Uniform Securities Act, MCL 451.501 *et seq.*

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT IV-VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C § 1961 *et. seq.* ("RICO")

105.   Plaintiffs incorporate each and every allegation continued in paragraphs 1 through 104 of the complaint as if fully stated herein.

106.   Defendants Joyce and Lowe are persons as defined under 18 U.S.C. § 1961(3) since each are "capable of holding a legal or beneficial interest in property."

107.   Defendant LDCB and LDC are each enterprises under 18 U.S.C. § 1961 (4) engaged in interstate commerce, providing and marketing long distance telephone service to small businesses.

108.   Defendants scheme to divert Plaintiffs' investment in LDC to cover the operating of expenses of Defendant LDCB also constitutes an enterprise under 18

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-0000

(313) 965-7900

U.S.C. § 1961 (4).

109.   Defendants Joyce and Lowe are each associated and, upon information and belief, employed by Defendant LDCB.

110.   Defendants' conduct in providing and marketing long distance telephone service directly affects interstate commerce.

111.   Defendants' scheme to offer Plaintiffs with the investment opportunity creating LDC and requiring payments over a 12 to 16 week period which Defendants' knew was, in reality, a sham means of funding Defendant LDCB constitutes a pattern of racketeering activity as defined in 18 U.S. C. § 1961 (1) and (5).

112.   Defendants' conduct of converting each payment disbursed by Plaintiffs between February 1996 and February 1997 for LDC and diverting the money for the use of Defendant LDCB also constitutes a pattern racketeering activity under 18 U.S. C. § 1961 (1) and (5).

113.   Plaintiffs have been injured by Defendants' fraudulent and corrupt scheme to divert Plaintiffs' investment for the operation of LDC to Defendant LDCB.

114.   Defendants' corrupt and fraudulent scheme to defraud Plaintiffs of their investment are the direct and proximate cause of Plaintiffs' injury.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT V - FRAUD

115.   Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 114 of the Complaint as if fully restated herein.

116.   When Defendant Joyce approached Plaintiffs regarding this investment opportunity, Plaintiffs were told that if they invested in LDC, Defendant LDCB would market the long distance service for LDC, Plaintiffs would recoup their initial investment, and after repayment, all profits would be shared by the parties and Plaintiffs and Defendant LDCB would jointly own the telephone service customer base.  (Exhibits E and F).

117.   Defendants created a scheme of misrepresentations and omissions to induce Plaintiffs to invest in LDC under the belief and intent that LDC and Defendant LDCB would enter a joint venture where Defendant LDCB would market the long distance service as an agent of LCD.

118.   Upon information and belief, Defendants knew that Plaintiffs would never receive an interest in Defendant LDCB's telephone service customer base as promised.

119.   Upon information and belief, during negotiations of the agreement to create LDC, Defendants had no intention of sharing with Plaintiffs the telephone service customer base of Defendant LDCB.

120.   Upon information and belief, Defendants made such representations to induce Plaintiffs to invest in LDC and failed to disclose that Plaintiffs' investment in LDC was actually used for the operating expenses for Defendant LDCB.

121.   Plaintiffs, believing they were receiving an interest in the telephone service customer base of Defendant LDCB, agreed to invest in LDC to cover the start-up costs and operating expenses.

122.   As a result of Defendants' knowingly fraudulent misconduct, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and

against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT VI- CONSPIRACY TO DEFRAUD

123.   Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 122 of the Complaint as if fully restated herein.

124.   Defendants Lowe and Joyce have had numerous business relationships for a substantial period of time and continue to conduct business together.

125.   Upon information and belief, prior to approaching Plaintiffs regarding this investment opportunity, Defendants Lowe and Joyce agreed to develop an illegal and fraudulent scheme to raise capital and operating expenses for Defendant LDCB by agreeing to create a sham joint venture with a new business, LDC.

126.   Upon information and belief, Defendant Joyce is or was a shareholder of Defendant LDCB and received benefits marketing Defendant LDCB through PMC Marketing.

127.   Upon information and belief, Defendant Joyce and Lowe agreed to approach Plaintiffs as potential investors in their marketing of long distance service to small businesses, promising a joint venture with an interest in the business with no intent to fulfill that promise.

128.   Upon information and belief, Defendants Joyce and Lowe developed this scheme to divert Plaintiffs' investment in LDC to fund the operations of Defendant LDCB, without providing Plaintiffs with any interest in Defendant LDCB's telephone customer base as promised.

129.   Plaintiffs have suffered damages by Defendants' conspiracy to divert

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
(313) 965-7900

Plaintiffs' investment in LDC, the business Plaintiffs received an interest which has no assets, and plan to defraud Plaintiffs.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

### COUNT VII- SILENT FRAUD

130.    Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 129 of the Complaint as if fully restated herein.

131.    Plaintiffs entered into the agreement with Defendant Joyce to invest money for LDC upon Defendants' assertions and conduct that by owning a half of LDC, Defendant LDCB would market long distance telephone service to small businesses on LCD's behalf. (Exhibits H, I and J).

132.    Defendants Joyce and Lowe never revealed to Plaintiffs the true relationship between LDC and Defendant LDCB.

133.    Upon information and belief, Defendants never corrected Plaintiffs misconceptions as to the relationship between Defendant LDCB and LDC while the parties transacted business. (Exhibit P).

134.    Defendants owed Plaintiffs a duty to disclose the true relationship between Defendant LDCB and LDC, a fact material to the transaction and business relationship of the parties.

135.    Defendants breached their duty by allowing Plaintiffs to transact business and continue to believe that Defendant LDCB was marketing long distance service for LDC.

136.   Plaintiffs have suffered damages as a result of Defendants' fraudulent and deceitful conduct.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT VIII- INNOCENT MISREPRESENTATION

137.   Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 136 of the Complaint as if fully restated herein.

138.   Defendants represented to Plaintiffs that if they participated in Defendants' investment opportunity and provided capital for the start-up costs and operating expenses of LDC, Defendant LDCB would market long distance service to small businesses as an agent of LDC.  (Exhibits E and F).

139.   Upon information and belief, Defendants made false representations as to the relationship between Defendant LDCB and LDC during contract negotiations for the investment and creation of LDC.

140.   Based on Defendants' assertions and conduct, Plaintiffs agreed to invest $400,000.00 and entered into an agreement with Defendant Joyce to form LDC which Plaintiffs believed Defendant LDCB would market long distance service as an agent of LDC and the parties would jointly own the telephone service customer base.  (Exhibits G, H, I and J).

141.   Throughout the relationship between the parties, Plaintiffs relied on the representations of Defendants and believed that Defendant LDCB was an agent of LDC.  (Exhibits L, O and P).

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-3499
(313) 965-7900

142.   Defendants Joyce and Lowe failed to reveal to Plaintiffs the true relationship between Defendant LDCB and LDC and never corrected Plaintiffs misconceptions as to this relationship.

143.   Upon information and belief, Defendants benefited from such misrepresentation since Defendant LDCB was the recipient of the diverted investment in LDC.

144.   Plaintiffs have suffered damages as a result of Defendants' misrepresentations.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT IX- NEGLIGENT MISREPRESENTATION

145.   Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 144 of the Complaint as if fully restated herein.

146.   Defendants owed Plaintiffs a duty of due diligence in presenting the investment opportunity and disclosing the relationship between Defendant LDCB and LDC.

147.   Defendants failed to (1) exercise due diligence in presenting the investment to Plaintiffs; (2) correct false and misleading statements regarding the investment; and (3) disclose all material facts regarding the investment opportunity, including the relationship between LDC and Defendant LDCB.

148.   Plaintiffs relied on Defendants' statements to their detriment in making the decision to invest in Defendants' business.

149.   Defendants' acts were the primary cause of Plaintiffs' initial investment and the loss of the investment.

150.   Plaintiffs have suffered damages as a result of Defendants' negligent misrepresentations.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT X- UNJUST ENRICHMENT

151.   Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 150 of the Complaint as if fully restated herein.

152.   Defendants, by diverting Plaintiffs' investment for the start-up costs and operational expenses of LDC, received benefits from Plaintiffs.

153.   Plaintiffs have not been repaid the full amount of their investment in LDC which was diverted by Defendants Joyce and Lowe to Defendant LDCB.

154.   It would be unjust for these Defendants to retain the benefits intended for LDC without repaying Plaintiffs for such benefits.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT XI- PROMISSORY ESTOPPEL

155.   Plaintiffs incorporate each and every allegation contained in paragraphs 1

KITCH DRUTCHAS
WAGNER DENARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

through 154 of the Complaint as if fully restated herein.

156.    Upon information and belief, Defendants Joyce and Lowe promised Plaintiffs that if they invested in the start-up capital and operating expenses for LDC, Defendant LDCB would market long distance service as an agent of LDC.

157.    Defendants should have anticipated that Plaintiffs believed that, by investing in LDC, they were receiving an ownership interest in an operating business with assets, including joint ownership of the telephone service customer base with Defendant LDCB.

158.    Plaintiffs relied on Defendants' promises by entering into the agreement to create LDC and invest in this business opportunity.  (Exhibits G, H, I and J).

159.    Plaintiffs have not received the benefits of such promise, repayment of the entire investment, or an ownership interest in Defendant LDCB's telephone service customer base.

160.    Defendants' promise must be enforced to avoid any further undue injustice and damage to Plaintiffs.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT XII- BREACH OF FIDUCIARY DUTY

161.    Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 160 of the Complaint as if fully restated herein.

162.    Defendants, as directors, officers, shareholder and/or members of Defendant LDCB and LDC, owe a fiduciary duty to the corporations and Plaintiffs to

discharge their duties on good faith and with the degree of diligence, care and skill that an ordinary prudent person would exercise under similar circumstances.  MCL 450.1541a.

163.   Defendants, as directors, officers, shareholders and/or members of Defendant LDCB and LDC, owe a fiduciary duty to the corporations and Plaintiffs to not put their own self-interests ahead of that of the corporations and/or Plaintiffs or to otherwise engage in self-dealing.

164.   Defendants Joyce and Lowe breached their duties to Defendant LDCB, LDC and Plaintiffs by:

     a.    upon information and belief, engaging in self-dealing;

     b.    diverting Plaintiffs' investment in LDC to cover the operating expenses of Defendant LDCB;

     c.    failing to create and operate LDC as the parties agreed; and

     d.    upon information and belief, commingling the funds of LDC and Defendant LDCB.

165.   In addition, Defendant Joyce, as Manager of LDC, owed Plaintiffs duties to:

     a.    exercise fiduciary responsibility to LDC "for the safekeeping and use of all funds and assets of the Company,. . ."

     b.    "keep all bank and other accounts and records in the name of the Company;"

     c.    "ensure that the Company and Manager complies with all applicable laws and regulations, file necessary documents and obtain all necessary permits and licenses;"

KOTCH DRUTCHAS
WAGNER DENARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT MI 48226
48226-3427

(313) 961-7900

d.    "devote full time and business efforts to the business of the company;" and

e.    "provide all Members with weekly reports detailing sales, usage and billing revenues and monthly statements and management reports." (Exhibit G, section 7.6).

166.    Defendant Joyce breached his fiduciary duties to Plaintiffs as Members of LDC by:

a.    failing exercise fiduciary responsibility to LDC "for the safekeeping and use of all funds and assets of the Company" by diverting the funds of LDC for Defendant LDCB;

b.    diverting the funds for LDC to the accounts of Defendant LDCB;

c.    failing to follow the reporting and regulatory laws for the purchase and/or sale of a security;

d.    failing devote all efforts to promote LDC and, instead, upon information and belief, promote Defendant Joyce's other business ventures; and

e.    failing to provide Plaintiffs with weekly business reports.

167.    Plaintiffs have suffered damages as a result of Defendants Joyce and Lowe's breaches of their duties to Defendant LDCB and LDC and their fellow officers, members and/or shareholders.

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

## COUNT XIII- BREACH OF CONTRACT AS TO DEFENDANT JOYCE ONLY

168.    Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 167 of the Complaint as if fully restated herein.

169.    Defendant Joyce, by executing the Operating Agreement for LDC, agreed to not to "use or permit any person to use Company funds or assets in any manner except for the exclusive benefit of the Company" or "alter the primary purpose of the Company." (Exhibit G, section 7.4).

170.    Defendant Joyce, by executing the Promissory Note for LDC, agreed not to transfer or dispose of the assets of LDC, to withdraw any capital from the Company, or to make any distribution to members of the Company.  (Exhibit J, paragraph 3.2.7).

171.    Defendant Joyce breached his contract with Plaintiffs by diverting the proceeds of Plaintiffs' investment in LDC to cover the operating expenses of Defendant LDCB.

172.    Plaintiffs have suffered damages as a result of Defendant Joyce's breach of their agreement.

KITCH DRUTCHAS
WAGNER DENARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

WHEREFORE, Plaintiffs prays that this Court award damages to Plaintiffs and against Defendants in an amount to be determined for repayment of the unpaid investment balance and a half of the value of the business, including any incidental or consequential damages, and other further relief this Court deems just and equitable.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
DeNARDIS & VALITUTTI

By: _____
JOHN M. SIER (P39336)
HEATHER A. BETTS (P50928)
Attorneys for Plaintiffs
One Woodward Avenue, Tenth Floor
Detroit, Michigan 48226-3499
(313) 965-7315

Dated:

DET02\665859\1

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
TENTH FLOOR
DETROIT, MICHIGAN
48226-3499
(313) 965-7900

## U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

WILLIAM VOGT and ELIZABETH VOGT

      Plaintiffs,

vs.

LONG DISTANCE CONSOLIDATED
BILLING, CO. a Michigan Corporation,
JAN M. LOWE, and PATRICK JOYCE,
jointly and severally

      Defendants.

**00-73288**

Case No. PATRICK J. DUGGAN

/MAGISTRATE JUDGE GOLDMAN

---

JOHN M. SIER (P39336)
HEATHER A. BETTS (P50928)
Attorneys for Plaintiffs
One Woodward Avenue, Tenth Floor
Detroit, Michigan 48226-3499
(313) 965-7315

U S. DIST COURT CLERK
I AST DIST MICH
DETROIT

'00 JUL 24 P4:16

---

### DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiffs, WILLIAM AND ELIZABETH VOGT, by and through their

attorneys, KITCH, DRUTCHAS, WAGNER  DENARDIS & VALITUTTI, and hereby

request a trial by jury in the above-captioned matter.

      Respectfully submitted,

      KITCH DRUTCHAS WAGNER
      DeNARDIS & VALITUTTI

By: _____
      JOHN M. SIER (P39336)
      HEATHER A. BETTS (P50928)
      Attorneys for Plaintiffs
      One Woodward Avenue, Tenth Floor
      Detroit, Michigan 48226-3499
      (313) 965-7315

Dated: July 24, 2000
DET02\66685811

KITCH DRUTCHAS
WAGNER DeNARDIS
& VALITUTTI
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE
TENTH FLOOR
DETROIT, MI 48226
48226-3499
(313) 965-7900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED